IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA )  <br> Plaintiff ) | | |
| ) | No. 5:10CR50067-001 | |
| v. ) | | |
| ) | | |
| ) | | |
| JAMES BRUCE MITCHELL ) <br> Defendant ) | | |

## PRELIMINARY ORDER OF FORFEITURE

In the Forfeiture Allegation of the Superseding Indictment, as to Count One, the United States seeks forfeiture, pursuant to Title 18, United States Code, Section 981(a)(1)(c) and Title 28, United States Code, Section 2461(c), all right, title and interest in any and all property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of Count One. As to Count Two of the Superseding Indictment, the United States seeks forfeiture, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in the offense of conviction, or any property traceable to such property. The United States also seeks the forfeiture of property of the defendant pursuant to Title 18, United States Code, Section 982(b)(1), incorporating by reference Title 21, United States Code, Section 853(p), as substitute assets of the proceeds of the offenses alleged in the Superseding Indictment.

On November 23, 2010, the defendant James Bruce Mitchell plead guilty to Counts One and Two of the Superseding Indictment charging him with Conspiracy to Use an Interstate Facility to Distribute Proceeds of an Unlawful Activity and to Promote, Manage, Establish, Carry On and Facilitate an Unlawful Activity, in violation of Title 18, United States Code, Sections

1952(a)(1)(A) and 1952(a)(3)(A), all in violation of Title 18, United States Code, Section 371 and Conspiracy to Launder Monetary Instruments, in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i), all in violation of Title 18, United States Code, Section 1956(h). Pursuant to a plea agreement entered into by the parties, the defendant has agreed to forfeit all right, title and interest in the following property:

    1. A 2003 Nissan 350z Automobile, VIN JN1AZ34EX3T006119

    2. The residence and real property located at 2345 West Dogwood Avenue, Fayetteville, Arkansas, legally described as:

A part of Lots 31 & 32, Forest Hills Estates, a subdivision to Washington County, Arkansas as shown on plat of record in plat book 1, at page 206, plat records of Washington County, Arkansas. Being more particularly described as follows: beginning at the NW corner of said Lot 31, and running thence East along the South right-of-way of Dogwood Lane, 200.00 feet to the NW corner of said Lot 32, 99.21 feet; thence S 00°03'28" W, along the East line of said Lot 32, 99.21 feet; thence S 89°59'56" W, 199.59 feet to the West line of Lot 31; thence N 00°10'37" W, 99.20 feet to the point of beginning containing 0.455 acres more or less.

The defendant has agreed this property represents proceeds derived from violations of Counts One and Two, pursuant to the forfeiture allegation of the Superseding Indictment. The United States has agreed not to seek any further criminal or civil forfeitures arising from the conduct described in the Superseding Indictment. The defendant consents to the entry of this Preliminary Order of Forfeiture.

    Accordingly, it is hereby ORDERED, DECREED AND ADJUDGED:

    1. That based upon the guilty plea of the defendant James Bruce Mitchell to Counts One and Two and the Forfeiture Allegation of the Superseding Indictment, and the plea agreement between the defendant and the United States, the following property shall be forfeited to the United States:

a. A 2003 Nissan 350z Automobile, VIN JN1AZ34EX3T006119

b. The residence and real property located at 2345 West Dogwood Avenue, Fayetteville, Arkansas, legally described as:

A part of Lots 31 & 32, Forest Hills Estates, a subdivision to Washington County, Arkansas as shown on plat of record in plat book 1, at page 206, plat records of Washington County, Arkansas. Being more particularly described as follows: beginning at the NW corner of said Lot 31, and running thence East along the South right-of-way of Dogwood Lane, 200.00 feet to the NW corner of said Lot 32, 99.21 feet; thence S 00°03'28" W, along the East line of said Lot 32, 99.21 feet; thence S 89°59'56" W, 199.59 feet to the West line of Lot 31; thence N 00°10'37" W, 99.20 feet to the point of beginning containing 0.455 acres more or less.

2. That based upon the defendant's guilty plea and the plea agreement with the United States, the parties have agreed that the above listed property represents proceeds derived from violations of Counts One and Two, pursuant to the forfeiture allegation of the Superseding Indictment.

3. Pursuant to Fed. R. Crim. P. 32.2(b)(3), upon entry of this order, the United States is authorized to seize any specific property that is subject to forfeiture as set forth herein this order and the plea agreement, to conduct any discovery the Court considers proper in identifying, locating or disposing of the property; and to commence proceedings that comply with any statutes governing third-party rights.

4. Upon entry of this Order, the United States is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

5. The United States shall publish notice of this order pursuant to Fed. R. Crim. P. 32.2(6)(A) and (B), and Title 18, United States Code, Section 982(b)(1), incorporating by

reference Title 21, United States Code, Section 853(n)(1).

6. That upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to Federal Rule of Criminal Procedure 32.2(c); Title 18, United States Code, Section 982 (b)(1), incorporating by reference Title 21, United States Code, Section 853(n), in which all interests will be addressed.

7. If any of the above referenced property, as a result of any act or omission of the defendant:

a)   cannot be located upon the exercise of due diligence;

b)   has been transferred to, or deposited with a third party;

c)   has been placed beyond the jurisdiction of the Court;

then any other property of the defendant up to the value of the total amount of forfeited property, shall be forfeited to the United States as substitute assets pursuant to Title 21, United States Code, Section 853(p).

IT IS SO ORDERED this 23 day of November, 2010

U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
NOV 23 2010
CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

_____
HONORABLE JIMM LARRY HENDREN
CHIEF UNITED STATES DISTRICT JUDGE

Reviewed and consented to by:

_____        _____
JAMES BRUCE MITCHELL              TRACY A. TRIPLETT
Defendant                         Assistant United States Attorney

_____
GREGORY KLEBANOFF
Counsel for Defendant

Page 4